02-12-324-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00324-CV

 

 


 
 
 Rueben
 Mendoza
  
  
 v.
  
  
 Fiesta
 Mart, Inc.
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 96th District Court
  
 of
 Tarrant County (96-259856-12)
  
 January
 24, 2013
  
 Per
 Curiam
 
 


 

 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00324-CV

 

 


 
 
 Rueben Mendoza
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Fiesta Mart, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 96th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

On
November 19, 2012, Appellant Rueben Mendoza, acting pro se, tendered his
original brief with this court.  On November 20, 2012, we notified Mendoza by
letter that the brief that he had tendered was defective in substance and form,
and we specifically listed the ways in which the brief did not comply with the
rules of appellate procedure.  See Tex. R. App. P. 9.4(h),
38.1(b)–(i), (k).  We also stated that Mendoza’s failure to file an amended
brief complying with the rules on or before November 30, 2012, could result in
the striking of the noncompliant brief, waiver of any nonconforming points, or
dismissal of the appeal.  See Tex. R. App. P. 38.8, 38.9(a), 42.3.

On
December 3, 2012, Mendoza tendered an amended brief, which was also defective. 
We notified Mendoza by letter dated December 5, 2012, that his amended brief
was defective in substance and form and stated that his failure to file a
second amended brief that complied with the rules by December 17, 2012, could
result in the striking of the noncompliant brief, waiver of any nonconforming
points, or dismissal of the appeal.  See Tex. R. App. P. 38.8, 38.9(a),
42.3.  Mendoza timely tendered a second amended brief on December 17, 2012.  A
review of the second amended brief reveals that it is also defective in substance
and form and fails to present arguments that will enable this court to decide
the case.  See Tex. R. App. P. 38.8, 38.9(a), 42.3.

Rule
38.9 provides that “substantial compliance” with the briefing rules is
required.  Tex. R. App. P. 38.9.  If the court determines that the briefing
rules have been flagrantly violated as to form, the court may require the
appellant to amend, supplement, or redraw his brief.  Tex. R. App. P. 38.9(a). 
If the appellant files another brief that does not comply, the court may strike
the brief, prohibit the party from filing another, and proceed as if the party
did not file a brief.  Id.

Accordingly,
because this court has informed Mendoza of the substantial defects in his brief
on two occasions and has provided him two opportunities to amend his brief, and
because Mendoza has failed to file an amended brief that substantially complies
with the requirements of rule 38 or that presents arguments that will enable
this court to decide his appeal, we strike Mendoza’s second amended brief and
dismiss this appeal.  See Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(c),
43.2(f); Newman v. Clark, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no
pet.).

 

PER CURIAM

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  January 24, 2013








 









[1]See Tex. R. App. P. 47.4.